UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JODIE COOK JR., III, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-515-JD-APR |
| TREVEN BROWN, | |
| Defendant. | |

## OPINION AND ORDER

Jodie Cook Jr., III, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cook alleges that on May 11, 2022, Officer Jeremy Hoover conducted a traffic stop and pulled him over around 10:00 or 10:30 pm. ECF 1 at 2. He and his passenger were taken out of the vehicle, searched, and handcuffed before his rights were read to him. After a full body search, no drugs were found on him, and he was placed in the police cruiser. Officer Brown then had him exit from the cruiser and searched him again. In the course of the search, Officer Brown removed his shoes and socks. Then,

after he had already discovered drugs, Officer Brown pulled Cook's pants down. Cook alleges this search, conducted without a warrant, violated the Fourth Amendment because he was exposed in public. He alleges that Officers Mason N. Wills, Craig Wise, Cameron Norris, and Bryce A. Gerig were watching as their co-worker conducted the search and did not intervene.

Public records reveal that Cook was arrested during this encounter. *See Indiana v. Cook*, No. 02D06-2205-MC-001467 (Allen Super. Ct. filed May 12, 2022), available at mycase.in.gov. He was initially charged with several offenses, but those were dismissed. *Id.* Charges were refiled, and he was charged with possession of a narcotic drug, possession of methamphetamine, and driving while suspended. *See Indiana v. Cook*, No. 02D04-2205-F5-000168 (Allen Super. Ct. decided Sept. 29, 2023). He pleaded guilty to possessing a narcotic drug, and the other two charges were dismissed. Cook does not challenge the initial stop or contest that he possessed drugs;[1] the only matter at issue is the reasonableness of the search.

Unreasonable searches and seizures are prohibited by the Fourth Amendment. *Young v. City of Chicago*, 987 F.3d 641, 644 (7th Cir. 2021). "[I]n the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that

---

[1] Nor could he contest that he possessed a narcotic drug because *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), prevents him from contesting in a § 1983 case any fact that would undermine his conviction unless and until that conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." His conviction is still in force, so it is established that he possessed a narcotic drug.

Amendment." *United States v. Robinson*, 414 U.S. 218, 235 (1973). Thus, when a person is arrested, a police officer may search incident to arrest "the space within an arrestee's immediate control, meaning the area from within which he might gain possession of a weapon or destructible evidence." *Arizona v. Gant*, 556 U.S. 332, 335 (2009) (quotation marks omitted). That search, though, must still be reasonable. "Included within the Amendment's protection is the right to be free from unreasonable searches of one's unclothed body." *Stanley v. Henson*, 337 F.3d 961, 963 (7th Cir. 2003). Determining whether a particular warrantless search is reasonable, courts balance "the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests." *Riley v. California*, 573 U.S. 373, 385 (2014) (quotation marks omitted).

Here, Cook has plausibly alleged that Officer Brown conducted an unreasonable search when he pulled down Cook's pants in public during the search incident to arrest. Cook alleges that the officer had already discovered drugs on his person, and there are no facts alleged to justify a need for a more invasive search in public.

However, Cook does not plausibly allege that the other defendants can be held liable for not intervening when he was made to disrobe. "An officer who is present and fails to intervene to prevent other law enforcement officers from infringing the constitutional rights of citizens is liable under § 1983 if that officer had reason to know . . . that any constitutional violation has been committed by a law enforcement official; *and* the officer had a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Here, Cook does not describe

3

where the other officers were located in relation to him or how long that part of the search lasted. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). There are no facts alleged that provide a reasonable basis to find that the other officers had a realistic opportunity to intervene in the alleged unconstitutional search. These defendants will be dismissed.

Cook is also suing the Fort Wayne Police Department. The police department is not a person or a policy-making unit of government that can be sued for constitutional violations pursuant to 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, Cook cannot proceed against the Fort Wayne Police Department.

For these reasons, the court:

(1) GRANTS Jodie Cook Jr., III leave to proceed against Officer Treven Brown in his individual capacity for compensatory and punitive damages for conducting an unreasonable search on May 11, 2022, when he pulled down Cook's pants in public in violation of the Fourth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Fort Wayne Police Department, Jeremy Hoover, Mason N. Wills, Craig Wise, Cameron Norris, and Bryce A. Gerig;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Trevin Brown at the Fort Wayne Police Department, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the Fort Wayne Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Trevin Brown to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 1, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT